Sheriff SAUDI, Captain, Plaintiff–Appellant,

v.

MARINE ATLANTIC, LTD., Monte Christo Shipholdings, Ltd., and V Ships Switzerland, S.A., f/k/a Acomarit Services Maritimes, S.A., Defendants–Appellees.

No. 07–0024–cv.

United States Court of Appeals, Second Circuit.

Jan. 13, 2009.

Joe Alfred Izen, Jr., Izen & Associates, P.C., Bellaire, TX, for Appellant.

Thomas Nork, (Kathleen Hopkins Alsina on the brief), Phelps Dunbar, LLP, Houston, TX, for Defendants–Appellees.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Captain Sheriff Saudi ("Saudi") appeals from an order and the judgment of the district court, entered on November 29, 2006 and December 12, 2006, that adopted the magistrate judge's report and recommendation and granted the Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for lack of personal jurisdiction, filed by defendants Marine Atlantic, Ltd. ("MAL"), Monte Christo Shipholdings, Ltd. ("Monte Christo"), and V Ships Switzerland, S.A., f/k/a/ Acomarit Services Maritimes, S.A. ("V Ships"). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

Saudi's lawsuit alleges injuries resulting from an accident aboard MAL's ship, the Marine Atlantic, that occurred in international waters off the Texas coast. We

review the district court's decision to dismiss the complaint for lack of personal jurisdiction de novo. *Porina v. Marward Shipping Co.,* 521 F.3d 122, 126 (2d Cir. 2008).

Normally, when no evidentiary hearing has been held but the parties conduct extensive jurisdictional discovery, "the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.,* 902 F.2d 194, 197 (2d Cir.1990)) (alteration in *Metro. Life* ). In this case, however, the magistrate judge shifted the burden of proof on personal jurisdiction to MAL as a sanction for its failure to produce documents as ordered in a prior discovery ruling. MAL was required "to prove that personal jurisdiction in this action does not exist." Saudi retained the burden of proof as to Monte Christo and V Ships.

The issue of personal jurisdiction involves a two-step inquiry: (1) whether state law provides a basis for personal jurisdiction and if so, (2) whether exercising personal jurisdiction comports with constitutional principles of due process. *Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 243–44 (2d Cir.2007).

A court may exercise personal jurisdiction under New York Civil Procedure section 302(a)(1) if the defendant (1) "transacts any business" in New York and (2) the plaintiff's cause of action arises from the business transaction. *Id.* at 246. For a cause of action to arise from the defendant's business transaction in the state, there must be "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* at 246 (quoting *Henderson v. INS,* 157 F.3d 106, 123 (2d Cir.1998)). "To determine whether a sufficient nexus exists, a court must evaluate the 'totality of the circumstances surrounding defendants' activities in New York in connection with the matter giving rise to the lawsuit." *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1109 (2d Cir.1997) (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,* 763 F.2d 55, 60 (2d Cir.1985)).

Saudi argues that MAL failed to carry its burden because it offered no evidence to prove that its agent in New York "did not approve a defective maintenance program paid for with his approval which was carried out on the vessel S/T Marine Atlantic and resulted, ultimately, in the crane defect and Saudi's catastrophic injuries." It does not appear from the record that MAL provided any evidence to document whether Hamshaw specifically approved disbursements for maintenance of the Marine Atlantic. But, even crediting that MAL's agent in New York approved such orders, which is the inference that Saudi urges when referring to defendants' destruction of documents, *see Kronisch v. United States,* 150 F.3d 112, 126–28 (2d Cir.1998) (discussing the circumstances when it is appropriate to draw adverse inferences against a party that destroys evidence), MAL shows the absence of any "articulable nexus" between Saudi's claim and MAL's agent's activities in New York. *Best Van Lines,* 490 F.3d at 249 (internal quotation marks omitted). MAL's agent did not specifically direct repairs; he only approved payments upon authorization from the commercial manager. Any decision to make repairs, the repairs themselves, or any failure to make those repairs, were acts or omissions that occurred outside the state. We find there is no substantial nexus between MAL's New York contacts and this lawsuit.

A court may exercise personal jurisdiction under New York Civil Procedure sec-

tion 301 over a foreign corporation that is engaged in "continuous, permanent, and substantial activity in New York." *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1991) (internal quotation marks omitted). This standard reflects the policy of section 301 that a foreign corporation cannot "be sued in New York on causes of action wholly unrelated to acts done in New York" unless it is doing business in New York "with a fair measure of permanence and continuity." *Ball*, 902 F.2d at 198 (internal quotation marks omitted). Factors considered include (1) the existence of an office in New York, (2) the solicitation of business in the state, (3) the presence of bank accounts and other property in the state, and (4) the presence of employees of the foreign defendant in the state. *Hoffritz*, 763 F.2d at 58 (2d Cir.1985).

MAL has no office in New York, no bank account or property in New York, and no employees permanently stationed in New York. MAL's New York agent signed several contracts in New York related to operation and chartering of the Marine Atlantic, and estimated that one or two percent of his time was spent working on behalf of MAL and Monte Christo. MAL had some presence in New York during the time that it owned the Marine Atlantic, but this presence cannot be characterized as continuous, permanent, and substantial. A foreign corporation may be subject to general jurisdiction for the continuous and substantial activities of an agent. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir.2000) (finding general jurisdiction based upon the continuous and substantial activities of agents that "devoted one hundred percent of their time to the defendants' business"). MAL's agent did not engage in such continuous and substantial activity, expending only one or two percent of his time on work related to the Marine Atlantic. Moreover, MAL's agent was primarily en-

gaged in ministerial tasks. *See Landoil Resources Corp.*, 918 F.2d at 1045 (explaining this Court's decision in *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 212 (2d Cir.1970), where it was noted "that a defendant's presence in New York in addition to solicitations must amount to more than 'paying persons to perform essentially mechanical tasks for it' ").

The district court properly found that the absence of personal jurisdiction over MAL established the lack of personal jurisdiction over Monte Christo since Saudi did not allege that Monte Christo had any contacts with New York aside from its ownership of MAL. Having found no personal jurisdiction over MAL, there can be none as to Monte Christo. Saudi alleged no facts that would, if credited, establish personal jurisdiction over V Ships. We have considered Saudi's other arguments and consider them without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**